IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CTIA - THE WIRELESS ASSOCIATION, | No. C 10-03224 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND VACATING HEARING** |
| THE CITY AND COUNTY OF SAN FRANCISCO, | |
| Defendant. | |

## INTRODUCTION

Plaintiff brought a first amendment action challenging a cell phone right-to-know ordinance and subsequently moved for a preliminary injunction to prevent defendant from enforcing the ordinance. An order was entered enjoining the ordinance from taking effect, excepting the requirement of the fact-sheet, subject to specified modifications of the fact-sheet. Plaintiff now moves for an order granting its request for attorney's fees. For the reasons stated below, the motion for attorney's fees is **DENIED**.

## STATEMENT

In October 2011, plaintiff CTIA - The Wireless Association sought a preliminary injunction prohibiting defendant City and County of San Francisco from enforcing the cell phone right-to-know ordinance, arguing that the ordinance violates the First Amendment and is preempted by federal law. The ordinance applies to cell phone providers who sell through any retailer in San Francisco and to an any cell phone retailers therein who sell or lease cell phones.

1  It requires cell phone retailers to inform customers about issues pertaining to radiofrequency
2  ("RF") energy emissions and about precautions to minimize exposure to RF energy. Specifically,
3  the ordinance requires retailers to prominently display an informational poster in the store, to
4  provide every customer with an information fact-sheet, and to affix an informational sticker on all
5  display literature for cell phones.

6  By order dated October 27, 2011, the requirement to make available information fact-
7  sheets was sustained but the fact-sheets were to be corrected as indicated within the order. The
8  remainder of the ordinance was enjoined as violative of the First Amendment (Dkt. No. 92).

9  Plaintiff did not succeed on its preemption argument, which concerned "conflict"
10 preemption. The order concluded that "[n]othing in the federal statutes or FCC regulations bars
11 local disclosure requirements like those now required in San Francisco." "The field of consumer
12 disclosures to cell phone purchasers has not been occupied by the FCC (even though the field of
13 technical-emission standards has been so occupied)" (Dkt. No. 92 at 6). Because San Francisco
14 does not seek to set its own emission standards but rather only to warn consumers of a perceived
15 public health risk and to inform consumers how to mitigate the perceived risk, the order
16 concluded there is no preemption.

17 Regarding the First Amendment challenge, the order stated, "San Francisco may require
18 disclosure of accurate and uncontroversial facts as long as the disclosure requirements are
19 reasonably related to its interest in alerting the public to a possible public health risk and to its
20 interest in suggesting precautionary steps to mitigate the risk" (Dkt. No. 92 at 10). Applying this
21 standard, the order concluded that the fact-sheet was misleading. Even though the factoids
22 contained therein are true, "the overall message of the fact-sheet," which also included images of
23 two silhouettes with circles beaming into the heads and groin area, is misleading by its omissions,
24 suggesting to the reader that cell phones are dangerous and have escaped the regulatory process.

25 The order, however, offered three solutions to cure the misleading impression. *First,*
26 addition to the fact-sheet of a statement to the effect of the following would help to cure the
27 misleading impression: "Although all cell phones sold in the United States must comply with RF
28 safety limits set by the FCC, no safety study has ever ruled out the possibility of human harm

2

from RF exposure." *Second*, addition to the fact-sheet of a statement that RF energy has been classified as a "possible" carcinogen by the World Health Organization rather than as a "known" or "probable" carcinogen, would further help to cure the misleading impression. *Third*, the silhouettes must be deleted. Absent these modifications, the fact-sheet would be enjoined. The City revised its fact-sheet accordingly (Dkt. No. 92 at 12).

The posters were found to be deficient for the same reason as the fact-sheets and were enjoined from enforcement as they would "unduly intrude on the retailers' wall space" and "convert [retailers'] walls to billboards for the municipal message." The stickers were also enjoined because they too would intrude on the retailers' message and "interfere with the retailers' own right to speak to customers" (Dkt. No. 92 at 13). Finding that no substantial public interest would be harmed by the preliminary relief and considering that irreparable injury is presumed from a First Amendment violation, enforcement of the ordinance was enjoined, except for the fact-sheet requirement (to be corrected as was indicated in the order).

Cross appeals were filed. By order dated November 28, 2011, our court of appeals granted plaintiff's emergency motion for an injunction pending appeal of this Court's order and enjoined enforcement of the fact-sheet requirement (Dkt. No. 116).

**ANALYSIS**

Plaintiff seeks to be declared the prevailing party on its motion for preliminary injunction and awarded attorney's fees of $96,200, which plaintiff has indicated is a limited fee request. On a motion for fees, the first step is to determine whether plaintiff is entitled to recovery of fees. This is in dispute here.

In a Section 1983 action, a "court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee." 42 U.S.C. 1988(b). A party is considered the prevailing party if it succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Thorne v. City of El Segundo,* 802 F.2d 1131, 1140 (9th Cir. 1986). While a party need not prevail on all issues, it must show "a sufficient causal relationship between the lawsuit and the practical outcome realized by the suit." *Herrington v. Cnty. of Sonoma*, 883 F.2d 739, 744 (9th Cir. 1989).

3

In the instant action, plaintiff, the moving party, lost on its preemption argument. That is not at issue here. Plaintiff, did, however, succeed in obtaining a preliminary injunction on First Amendment grounds, except as to the provision relating to the fact-sheet. Nonetheless, there is a question as to whether this preliminary relief, which is itself the subject of an appeal pending before our court of appeals, warrants a finding that plaintiff's are the prevailing party, within the meaning of Section 1988. The order concludes it does not.

As a general matter, our court of appeals has held that a plaintiff who succeeds in obtaining a preliminary injunction may be deemed a prevailing party within the meaning of Section 1988. *Watson v. Cnty. of Riverside*, 300 F.3d 1092, 1093 (9th Cir. 2002). In a recent decision involving a request for attorney's fees based on obtaining a preliminary injunction, the Supreme Court stated that a "plaintiff who achieves a transient victory at the threshold of an action can gain no award . . . if, at the end of the litigation, her initial success is undone and she leaves the courthouse emptyhanded." *Sole v. Wyner*, 551 U.S. 74, 78 (2007) (holding prevailing party status does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case). While it is true, as plaintiff notes, that *Sole* did not address the specific question of whether in the absence of a final decision on the merits of a claim for permanent injunctive relief, success in gaining a preliminary injunction may warrant attorney's fees, this order still finds *Sole* to be of guidance here and that the general principle that the success be "enduring" and not "ephemeral" applies.

Plaintiff cites several decisions wherein a plaintiff obtained a preliminary injunction and was deemed the prevailing party and awarded attorney's fees, arguing that like the plaintiffs in these cases, plaintiff here also achieved some of the benefit it sought in bringing the suit (Br. 4–5).

For example, in *Williams v. Alioto*, 625 F.2d 845, 847 (9th Cir. 1980), the plaintiffs obtained the relief sought, which was to enjoin law enforcement from using certain tactics as part of "Operation Zebra," a special investigative procedure launched in response to a series of murders. The order granting the preliminary injunction was appealed. Prior to resolution of that appeal, the killers were found and the investigation terminated. Plaintiffs were deemed the

4

prevailing party and awarded attorney's fees under Section 1988. On appeal of the attorney's fee award, the prevailing-party determination was upheld because plaintiffs had obtained the relief sought even though the appeal of the decision granting the preliminary injunction had been dismissed as moot. In *Watson v. City of Riverside*, 300 F.3d 1092, 1094 (9th Cir. 2002), the plaintiff obtained a preliminary injunction that prevented the use of a report at a termination hearing. The claim for a permanent injunction was rendered moot because the termination hearing was over and the "preliminary injunction had done its job." Plaintiff was deemed the prevailing party and entitled to attorney's fees under Section 1988. In *Richard S. v. Department of Developmental Services*, 317 F.3d 1080, 1084–85, 1088–89 (9th Cir. 2003), plaintiffs obtained a preliminary injunction and then entered into a legally enforceable settlement agreement, whereby plaintiffs achieved relief, albeit, not one hundred percent of the relief, sought in the injunction. The court determined plaintiffs were entitled to prevailing party status.

In each of these decisions, there was an "enduring" change in the legal relationship between the parties, at least with regard to the particular relief sought. The relief obtained through the preliminary injunction held up, even without entry of a permanent injunction or, in some instances, an order on appeal. Stated differently, the change was not merely ephemeral. *Sole*, 551 U.S. at 86.

In the instant action, however, plaintiff seeks to enjoin the ordinance from ever being enforced. There is no indication that plaintiff would be satisfied with enjoining enforcement for a mere two month period of time or for any determinate period of time. As such, it cannot be said that plaintiff has, within the meaning of Section 1988 prevailed on its First Amendment claim. Rather, the victory here may be "transient" and the success "fleeting." Finally, plaintiff cites no authority upon which this order may rely that a plaintiff may be deemed a prevailing party, when it is yet to be determined if the relief obtained in the preliminary injunction will endure.

For purposes of Section 1988, the order concludes plaintiff is not the prevailing party. Plaintiff states in its reply brief that it would not oppose holding the attorney's fee motion in abeyance pending resolution of the cross appeals. The undersigned previously denied a request to

extend the time to bring a motion for fees "for orderly management of the case" (Dkt. No. 103). The instant motion will not be held in abeyance.

## CONCLUSION

For the reasons stated above, plaintiff's motion for attorney's fees is hereby **DENIED**. The hearing set for January 5, 2012, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: January 3, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6