August 20, 2012

Molly Dwyer
Clerk of Court
Office of the Clerk
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

       Re:    *CTIA - The Wireless Association v. City and County of San Francisco*,
              Nos. 11-17707, 11-17773

Dear Ms. Dwyer:

      Pursuant to General Order 12.10, the district judge in the above-captioned case submits the following comment for distribution to the panel that will review the preliminary-injunction appeal in this case. The press has reported that during appellate oral argument in this case, Attorney Andrew McBride, counsel for plaintiff CTIA – The Wireless Association, stated, "The judge proposed his own language to revise [the fact sheet], San Francisco adopted that language in a week, and I never got an opportunity to put in evidence on this new revised fact sheet." McBride is further quoted as stating, "I didn't even get a chance to address the revised fact sheet." Scott Graham, *At the Podium: Alsup Gets Static for Making Call on Cellphone Dangers*, THE RECORDER, August 17, 2012.

      Counsel has implied that the Court gave no further opportunity to comment prior to approving the final version of the revised fact-sheet. This is incorrect. The order dated October 27, 2011, stated in its conclusion:

> By **NOON ON NOVEMBER 4, 2011**, counsel shall meet and confer, shall agree on a revised fact-sheet to include the corrections described above, and shall submit an agreed-on version conforming to this order (reserving all appeal rights) or, failing agreement, shall submit their competing versions without further briefing. Please do not re-argue the main issues. If San Francisco will not accept the above corrective items, then the entire ordinance will be **ENJOINED** as violative

Molly Dwyer
Clerk of Court
August 20, 2012
Page 2

of the First Amendment.  Through **NOVEMBER 30**, the entire ordinance is temporarily **STAYED** in order to allow applications to promptly be made to the court of appeals to modify this order.  After that date, the fact-sheet requirement, once corrected and vetted by the Court, may be enforced by San Francisco unless stayed by the court of appeals.

The October 27 order gave both sides an opportunity to further comment upon specific revisions and how they would be worded.  On November 4, 2011, plaintiff CTIA – The Wireless Association, submitted a response to the October 27 order.  In relevant part, the response stated, "CTIA has reviewed the proposed revised 'fact-sheet' as required by the Court's Order, and has determined that the City's revised 'fact-sheet' contains the changes required by the Order.  CTIA makes no other representation or statement regarding the proposed revised 'fact-sheet' and reserves all its rights to challenge any aspect of the content or promulgation of the fact-sheet (Dkt. No. 98 at 2).  In its response to the October 27 order, CTIA did not request a further opportunity to submit evidence or a further hearing.

Furthermore, if the Court was free to deny *all* provisional relief without the benefit of a further hearing (beyond the normal briefing and hearing), then it is hard to see why the Court was somehow barred from doing the lesser, meaning granting partial (and substantial) provisional relief without the necessity of a further hearing.  However, at least to the extent set forth above, a further opportunity to be heard was provided.

Respectfully,

William Alsup
United States District Judge
Northern District of California

cc:  Counsel